# NO. 12-22-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***DONALDO ALFREDO SANTOS, APPELLANT*** | § | ***APPEAL FROM THE 145TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS, APPELLEE*** | § | ***NACOGDOCHES COUNTY, TEXAS*** |

*MEMORANDUM OPINION*
*PER CURIAM*

Donaldo Alfredo Santos appeals his convictions for aggravated sexual assault of a child and indecency with a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of A.S., a child, and indecency with a child. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, A.S.'s mother, Zoila Leon, testified that A.S. was born November 16, 2005. She further testified that one night when Appellant was staying with their family, her daughter came to her room during the night crying. According to Leon, A.S. told her that Appellant touched her on her chest and below.

Courtney Tindall, who, at that time, was a forensic interviewer for Harold's House Child Advocacy Center, testified that she interviewed A.S. in December 2018. Tindall stated that, during the interview, A.S. told her that, two years earlier, Appellant touched her private part and her breasts. According to Tindall, A.S. specified that Appellant moved her underwear, put his fingers inside of her, took them out, licked them, and put them back inside of her.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged on both counts, and the matter proceeded to a trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for eighty-five years for aggravated sexual assault of a child and twenty years for indecency with a child. The trial court sentenced Appellant accordingly and ordered that the sentence for indecency with a child run consecutive to the sentence for aggravated sexual assault. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise have reviewed the record for reversible error and found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 8, 2023**

**NO. 12-22-00115-CR**

**DONALDO ALFREDO SANTOS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1923962)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*